## Saunders, Appellant, *v.* Wellner.

*Deeds—Covenants—Alleys—Extension of alley—Building line.*

Where an owner conveys by ground rent deed an unimproved city lot contiguous to his own on which is a dwelling not built up to the building line, and gives to the grantee a right to build over an alley on the grantor's lot, and the grantee covenants to build on the lot conveyed "on a line in front with the grantor's adjoining lot," the fee in the alley remains in the grantor, and the latter has the right to extend the alley when he moves his front out to the building line, or to abandon it, and close it up. Therefore, in extending the alley he has a right to build over the extension of the alley to the exclusion of the grantee, who has no ground to complain.

Argued Oct. 22, 1914. Appeal, No. 183, Oct. T., 1914, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1913, No. 2,407, for defendant n. o. v. in case of Frances B. Saunders v. Julius Wellner. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for the obstruction of an alley. Before RALSTON, J.

At the trial it appeared that on April 13, 1832, Jacob S. Waln was the owner of the adjoining lots 923 and

925 Walnut street, Philadelphia.   No. 923 was the east-ernmost lot.   On April 13, 1832, Waln by a ground rent deed conveyed the lot No. 925 Walnut street, twenty-five feet front by 159 feet deep, "Together with the right and privilege of building over a four-feet wide alley be-longing to the said Jacob S. Waln adjoining to the east-ward of the hereby granted lot, leaving at least twelve feet headway in the clear from the surface of the pavement, he, the said Jacob S. Waln, reserving the right of retaining the three windows as now opened in the wall, with reversed blinds."   The deed contained a covenant that within one year from its date Northrop or his heirs or assigns should erect on the lot a three-story brick messuage sufficient to secure the ground rent reserved, and also contained a clause, at the very end of the deed, "that the said John Northrop, Junior, his heirs and assigns, shall build on the said lot on a line in front with the said Jacob S. Waln's adjoining Messuage to the eastward of the hereby granted lot."

The grantee of No. 925 Walnut street built upon the lot and over the four-feet wide alley (twelve feet above the pavement) and put the front line of the building on a line with the front of Waln's building, though the line of the house was thus eight feet and one-half inch north of the then building line of Walnut street—which was the line observed in the description as contained in the deed.   The present building line of Walnut street is four feet north of the old line, so that the front line of No. 925, which has not been extended since its erection, is four feet and one-half of an inch north of the present line of Walnut street.

The defendant, after acquiring title in 1912 to the Waln property, No. 923 Walnut street, rebuilt the front, extending it southward to the building line of Walnut street and brought forward the entrance to the alley, to the same line, extending the walls on each side of it and covering the alley from the line of the house as originally erected to the building line of Walnut street

with a sloping copper canopy above twelve feet from the pavement. Above the canopy were placed coping sheathing and coping, and all these things, the canopy, the sheathing and the coping were projected from or fastened to the brick wall ' erected over the four-feet wide alley as part of plaintiff's building, No. 925. Defendant also projected westward at the distance of nineteen feet eight inches from the pavement, a stone coping forming part of his building, over the space above the four-feet wide alley, in front of the wall erected as part of plaintiff's building, No. 925.

The court charged as follows:

By looking at these two photographs which have been offered in evidence you can see the situation at a glance, although it is somewhat difficult perhaps to understand it from the descriptions in the deeds. The high fine looking brick building which you see in the photographs is 923 Walnut street and is the building owned by the defendant. The lower building to the left of that is the building 925 Walnut street, the plaintiff's property, being an old-fashioned three-story brick dwelling. You will notice in one of the photographs that there is an alley between the two buildings and you see the top of it in one photograph. You will notice that the new building stands out four feet beyond the old line. The building which formerly stood upon that lot, 923 Walnut street, was on a line with the building 925 and they were both eight feet back of the Walnut street building line. The street, however, was widened, and the building line was put back four feet, so that now No. 923 is on the building line and 925 is four feet back of the building line.

Under the various deeds which have been offered in evidence, the plaintiff has a right to build over the four feet which is used as an alley, provided he leaves a clearing of twelve feet from the ground. The defendant, as you see, has put a cornice in the front of that ' four feet, extending over this alleyway, or what would

be the alleyway if the house were built up to the building line. That extends over the plaintiff's line, and anything above twelve feet from the ground the defendant had no right to put there. So that, in any event, your verdict must be for plaintiff. The only question for you to determine is how much the plaintiff has been damaged by the defendant building this obstruction over plaintiff's right. Mr. Cross, whose name you see on the sign upon the plaintiff's property, testified that he has been in the real estate business for quite a number of years and has a charge of this property No. 925 Walnut street, and he said that in his opinion the owner of the property had been damaged to the extent of $1,000 or $1,500. The plaintiff is claiming a damage of only $500, so that if you think the plaintiff was damaged to the extent of $500, you can render a verdict for that amount, or you can render it for any other amount not exceeding that which you think is proper.

Verdict for plaintiff for $500. On a rule for judgment n. o. v. RALSTON, J., filed the following opinion:

Jacob S. Waln owned land on the north side of Walnut street, east of Tenth street in the city of Philadelphia. In 1832 he sold a lot described as situated on the North side of Walnut street between Ninth and Tenth streets, containing in breadth twenty-five feet and depth 159 feet, and bounded eastward by a lot retained by him. The conveyance included the right and privilege of building over a four-foot wide alley belonging to the grantor, adjoining to the eastward of the granted lot, leaving at least twelve feet headway from the surface. A ground rent was reserved, and the grantee covenanted to erect a three-story brick messuage to secure the rent. The deed contained a clause that it was understood and agreed by and between the parties that the grantee, his heirs and assigns, should build "on a line in front with the said Jacob S. Waln's adjoining messuage to the eastward." At the date of this conveyance the front of the house belonging to Waln was eight feet north

of the established building line of Walnut street. The grantee erected his house in line with Waln's building, and extended it over the alley leaving twelve feet headway. This property became vested in the plaintiff, and the adjoining property of Jacob S. Waln's in defendant.

The building line of Walnut street was moved four feet northward from its former location.

Defendant made alterations in his property, extended the building four feet south to the house line, and continued the alley to the new front. The building belonging to plaintiff remained unchanged. Defendant constructed a stone cornice at the southwestern corner of his building, nineteen feet eight inches above the pavement, which projects eleven and one-half inches beyond his western wall over the extension of the alley, and to the front wall of plaintiff's building.

Plaintiff instituted this suit to recover damages for what he claims to be an invasion of his right to build over the portion of the alley which defendant has now extended out to the house line of Walnut street. At the trial the jury under instructions from the court, rendered a verdict awarding damages to plaintiff. Defendant presented a request for binding instructions, which was refused, and now moves for judgment n. o. v.

The grantee of Jacob S. Waln took no title to the bed of the alley; his grant was limited to the right to build over the alley, and restricted to the dimensions of the alley. It was the understanding of the parties, indicated by the deed, that the grantee's southern wall should be on a line with that of the grantor. At the time of the grant the grantee had no right to extend the alley to the house line eight feet further south or to build over that portion of the grantor's land. The fee in the alley remained in Waln and his assigns. It was optional with him to extend his alley to the authorized house line, or to abandon it and close it up. The record does not disclose that other persons were entitled to use the alley.

If he elected to abandon it, he could build upon his entire property to the authorized house line, and occupy all of his land so long as there was no interference with the right of his grantee to build over the alley as it existed at the time of the grant. He could build upon and occupy the surface of the alley to the height of twelve feet below plaintiff's building.

There is nothing in the terms of the grant which, when Waln or his successors in title extended the alley, enlarged the right of the grantee. He took only what Waln gave him by deed in 1832, and the plaintiff is vested with his right.

The structure defendant has placed on his own land does not encroach upon plaintiff's easement.

The motion for judgment n. o. v. is granted, and judgment is entered in favor of defendant.

*Error assigned* was in entering judgment for defendant n. o. v.

*James F. Hagen*, with him *John G. Johnson*, for appellant.—In case of doubt as to the meaning of a deed, it is to be taken most strongly against the grantor, as the words used are his: Beeson v. Patterson, 36 Pa. 24; Algonquin Coal Co. v. Northern Iron & Coal Co., 162 Pa. 114.

It should be carefully observed, too, that there is no covenant or agreement by the grantee not to build beyond the line of the grantor's house: Hutchison v. Thomas, 190 Pa. 242; Madore's App., 129 Pa. 15; Alden's App., 93 Pa. 182.

No argument can be made based on the fact that appellant has not heretofore used the space over the alley from the old line of No. 923 Walnut street to the legal building line of the street.

An easement created by deed cannot be lost by mere nonuser, but can only be abolished by deed or by continued adverse possession for twenty-one years: Hall v.

McCaughey, 51 Pa. 43; Lindeman v. Lindsey, 69 Pa. 93; Erb v. Brown, 69 Pa. 216; Bombaugh v. Miller, 82 Pa. 203; Horn v. Miller, 136 Pa. 640; Twibill v. Lombard & South St. Pass. Ry., 3 Pa. Superior Ct. 487; Weaver v. Getz, 16 Pa. Superior Ct. 418; Fogal v. Swart, 37 Pa. Superior Ct. 217; Citizens' Co. v. Davis, 44 Pa. Superior Ct. 138; Nickels v. Band, 52 Pa. Superior Ct. 145.

Nor was it necessary to the appellant's case to show actual possession by her of said space, as her right was an incorporeal hereditament: Union Petroleum Company v. Bliven Petroleum Co., 72 Pa. 173; Hennessy v. Anstock, 19 Pa. Superior Ct. 644; Devlin v. Snellenburg, 132 Pa. 186.

*Joseph H. Sundheim,* with him *Leo G. Bernheimer,* for appellee.—If possession was not averred and proved there cannot be any recovery in this case: Hess v. Sutton, 33 Pa. Superior Ct., 530; Caldwell v. Fulton, 31 Pa. 475.

OPINION BY ORLADY, J., April 19, 1915:

The plaintiff recovered a verdict in an action of trespass, which, on a motion for judgment non obstante veredicto was set aside, and a judgment entered for the defendant. In an opinion filed, the court, after full consideration of the evidence found that the structure of which the plaintiff complained was placed entirely on the land of the defendant and did not encroach upon the plaintiff's easement.

This conclusion was reached from the construction of the grant. While it is the well-known rule that in case of doubt as to the meaning of a deed, it is to be taken most strongly against the grantor, as the words used are his, and it is a rule of like force that it is to be applied only in a case of ambiguous meaning. In this case the words of the deed are clear and free from any doubtful intent. In the deed from Waln to Noth-.

rop (1832), it is expressly agreed that Northrop should build on the lot "on a line in front with Waln's adjoining lot to the eastward of the lot conveyed."

By these clear words, the building should not extend further front than the grantee's did in 1832. It restricted the building over an alley to no greater length than the alley as it then was on the ground, and did not mean that the grantee would be compelled to change the building line as often as the grantor did. The appellee is compelled by the grant to support the appellant's building the whole length of the alley as it existed in 1832, but he cannot extend his building and impose an additional burden on the defendant.

As stated by the court in entering judgment for the defendant, "the fee in the alley remained in Waln and his assigns. It was optional with him to extend his alley to the authorized house line, or to abandon it and close it up."

The grant involved in this case was before the Supreme Court in Saunders v. Racquet Club, 170 Pa. 265, in which it is stated, "The extent of the grant is not uncertain; true, the depth of the four feet alley is not stated in the deed, but it could be made certain by either party by mere measurements, for it was not an alley to be opened, but one then there, belonging to Jacob H. Waln," and concludes, "as plainly as language can express the thought, he says, the original grant conferred on Northrop a right and privilege to built for one hundred and fifty-nine feet, four feet over on the lot, then being granted to Dennison. Certainly it is a reservation of that which was granted to Northrop, but he just as certainly says that was the right to Northrop to project his building for one hundred and fifty-nine feet, four feet over Waln's other lot."

On the trial the plaintiff submitted a point for instruction, that under all the evidence the verdict should be for the plaintiff, which was affirmed, and, on motion

for the defendant an instruction to find for him was refused.

The reasons given in the opinion would have fully warranted the court in affirming the defendant's point on the trial.

The judgment is affirmed.